Emily Jeffcott (pro hac vice)
MORGAN & MORGAN
700 S. Palafox St., Suite 95
Pensacola, FL 32502
Tel: 850-316-9100
Email: ejeffcott@forthepeople.com
<u>Counsel for Plaintiff</u>

# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF CALIFORNIA
## SAN FRANCISCO DIVISION

| | |
|---|---|
| **IN RE JUUL LABS, INC., MARKETING, SALES PRACTICES, AND PRODUCTS LIABILITY LITIGATION** | Case No. 3:19-md-02913-WHO <br><br> Honorable William H. Orrick |
| **This Document Relates to:** <br><br> **Drew Stewart** | **JURY TRIAL DEMANDED** |

## SHORT-FORM COMPLAINT AND DEMAND FOR JURY TRIAL
## (PERSONAL INJURY)

The Plaintiff named below files this *Short-Form Complaint and Demand for Jury Trial* against Defendants named below by and through the undersigned counsel. Plaintiff incorporates by reference the allegations contained in *Plaintiffs' Consolidated Master Complaint (Personal Injury),* in *In re Juul Labs, Inc., Marketing, Sales Practices, and Products Lability Litigation,* MDL No. 2913 in the United States District Court for the Northern District of California. Plaintiff files this *Short-Form Complaint* as permitted by Case Management Order No. 7 of this Court.

Plaintiff select and indicate by checking-off where requested, the Parties and Causes of Actions specific to this case.[1]

Plaintiff, by and through his undersigned counsel, allege as follows:

---

[1] If Plaintiff wants to allege additional Cause(s) of Action other those selected in paragraph 10, the specific facts supporting any such additional Cause(s) of Action, must be pled in a manner complying with the requirements of the Federal Rules of Civil Procedure (*see* paragraph 11). In doing so you may attach additional pages to this *Short-Form Complaint*.

- 1 -

## I. DESIGNATED FORUM[2]

1. Identify the Federal District Court in which the Plaintiff would have filed in the absence of direct filing:

   Western District of Arkansas (Fort Smith Division)

   ("Transferee District Court").

## II. IDENTIFICATION OF PARTIES

### A. PLAINTIFF

2. *Injured Plaintiff:* Name of the individual injured due to use of JUUL products:

   Drew Stewart

   ("Plaintiff").

3. At the time of the filing of this *Short-Form Complaint*, Plaintiff is a citizen of the State of Arkansas and resides in:

   Fort Smith, AR

### B. DEFENDANTS

6. Plaintiff names the following Defendants in this action

   **THE JUUL DEFENDANTS**

   ☒ JUUL LABS, INC., previously d/b/a as PAX LABS, INC. and PLOOM INC.;[3]

   ☒ ALTRIA GROUP, INC.;[4]

   ☒ PHILIP MORRIS USA, INC.;[5]

   ☒ ALTRIA CLIENT SERVICES LLC;[6]

   ☒ ALTRIA GROUP DISTRIBUTION COMPANY;[7]

---

[2] *See* Case Management Order No. 3, at II(C) (ECF No. 309).

[3] Delaware corporation, with its principal place of business in San Francisco, California.

[4] Virginia corporation, with its principal place of business in Richmond, Virginia.

[5] Virginia corporation with its principal place of business in Richmond, Virginia.

[6] Virginia limited liability company with its principal place of business in Richmond, Virginia.

[7] Virginia corporation with its principal place of business in Richmond, Virginia.

☒ ALTRIA ENTERPRISES LLC;[8]

**THE MANGEMENT DEFENDANTS**

☒ JAMES MONSEES;[9]

☒ ADAM BOWEN;[10]

☒ NICHOLAS PRITZKER;[11]

☒ HOYOUNG HUH;[12]

☒ RIAZ VALANI;[13]

**THE E-LIQUID MANUFACTURING DEFENDANTS**

☒ MOTHER MURPHY'S LABS, INC.;[14]

☒ ALTERNATIVE INGREDIENTS, INC.;[15]

☒ TOBACCO TECHNOLOGY, INC.;[16]

☒ eLIQUITECH, INC.;[17]

**THE DISTRIBUTOR DEFENDANTS**

☒ MCLANE COMPANY, INC.;[18]

☒ EBY-BROWN COMPANY, LLC;[19]

---

[8] Virginia limited liability company with its principal place of business in Richmond, Virginia.

[9] A resident of California.

[10] A resident of California.

[11] A resident of California.

[12] A resident of California.

[13] A resident of California.

[14] North Carolina corporation, with a principal place of business in North Carolina.

[15] North Carolina corporation, with a principal place of business in North Carolina.

[16] Maryland corporation, with a principal place of business in Maryland.

[17] Maryland corporation, with a principal place of business in Maryland.

[18] Texas corporation with a principal place of business in Texas.

[19] Delaware limited liability company with a principal place of business in Illinois.

☒ CORE-MARK HOLDING COMPANY, INC.;[20]

**THE RETAILER DEFENDANTS**

☐ CHEVRON CORPORATION;[21]

☐ CIRCLE K STORES INC.;[22]

☐ SPEEDWAY LLC;[23]

☐ 7-ELEVEN, INC.;[24]

☐ WALMART;[25]

☐ WALGREENS BOOTS ALLIANCE, INC.[26]

C. **PRODUCT USE**

7. Plaintiff used JUUL during the time period including from or about approximately March 2018 to August 2020 and that use caused and or substantially contributed to his injury.

D. **PHYSICAL INJURY**[27]

8. The Plaintiff experienced the following physical condition, injury or illness alleged to have been caused and or contributed to as a substantial factor by JUUL:

☒ ADDICTION

☐ NICOTINE POISONING

---

[20] Delaware corporation. From 2015-2018, principal place of business California; as of 2019, principal place of business Texas.

[21] Delaware corporation with a principal place of business in California.

[22] Texas corporation with a principal place of business in Arizona.

[23] Delaware corporation with a principal place of business in Ohio.

[24] Texas corporation with a principal place of business in Texas.

[25] Delaware corporation with a principal place of business in Arkansas.

[26] Delaware corporation with a principal place of business in Illinois.

[27] Plaintiff(s) must check-off all physical injuries allegedly caused by Plaintiff's use of JUUL. Plaintiff is not required to plead here emotional or psychological injuries, or all manifestations of the physical injury alleged which will be inquired into as part of the Plaintiff's Fact Sheet ("PFS"). This *Short-Form Complaint* assumes that emotional and psychological damages are asserted by the Plaintiff.

☒ BEHAVIORAL ISSUES/MENTAL HEALTH (check all that apply):

☐ ANGER/OUTBURSTS
☐ MOOD SWINGS
☒ IRRITABILITY
☐ SUICIDAL THOUGHTS
☐ SUICIDAL ATTEMPTS
☐ DEATH BY SUICIDE
☐ OTHER (specify): _____

☐ COGNITIVE ISSUES (check all that apply):

☐ ATTENTION DEFICIT DISORDER
☐ LEARNING IMPAIRMENTS
☐ LACK OF CONCENTRATION
☐ TROUBLE SLEEPING
☐ OTHER (specify):_____

☐ CARDIOVASCULAR (check all that apply):

☐ HEART ATTACK
☐ OTHER CARDIOVASCULAR DIAGNOSIS (specify)
_____

☐ NEUROLOGIC (check all that apply):
☐ SEIZURES
☐ STROKE

☐ RESPIRATORY/LUNG (check all that apply):
☐ ACUTE EOSINOPHILIC PNEUMONIA/PULMONARY EOSINOPHILIA
☐ ACUTE INTERSTITIAL PNEUMONITIS OR ACUTE PNEUMONIA
☐ ACUTE RESPIRATORY DISTRESS SYNDROME (ARDS)
☐ ASTHMA
☐ BRONCHITIS

☐ CHRONIC LUNG PROBLEMS
☐ CHRONIC OBSTRUCTIVE PULMONARY DISEASE (COPD)
☐ E-CIGARETTE, OR VAPING, PRODUCT USE ASSOCIATED LUNG INJURY (EVALI)
☐ ESPHYSEMA
☐ LIPOID PNEUMONIA
☐ LUNG TRANSPLANT
☐ OTHER SPECIFIED INTERSTITIAL PULMONARY DISEASE
☐ PNEUMONIA (any type) (specify): _____
☐ POPCORN LUNG/BRONCHIOLITIS OBLITERANS
☐ DEATH

☐ OTHER PERSONAL INJURIES (specify): _____

9. The physical condition, injury or illness alleged in paragraph 8 occurred at some point after plaintiff began using JUUL, as set forth in paragraph 7 above.

**V.   CAUSES OF ACTION ASSERTED**

10. The following Causes of Action asserted in the *Plaintiffs' Consolidated Master Complaint (Personal Injury),* and the allegations with regard thereto in the *Plaintiffs' Consolidated Master Complaint (Personal Injury),* are adopted in this *Short Form Complaint* by reference:

| Check if Applicable | Cause of Action Number | Cause of Action |
|---|---|---|
| ☒ | I | STRICT LIABILITY - DESIGN DEFECT |
| ☒ | II | STRICT LIABILITY - FAILURE TO WARN |
| ☒ | III | STRICT LIABILITY - MANUFACTURING DEFECT |
| ☒ | IV | PRODUCTS LIABILITY - NEGLIGENT DESIGN |
| ☒ | V | PRODUCTS LIABIITY –NEGLIGENT FAILURE TO WARN |

SHORT-FORM COMPLAINT AND JURY DEMAND
(PERSONAL INJURY)

| Check if Applicable | Cause of Action Number | Cause of Action |
|---|---|---|
| ☒ | VI | PRODUCTS LIAIBILITY – NEGLIGENT MANUFACTURING |
| ☒ | VII | NEGLIGENCE AND/OR GROSS NEGLIGENCE |
| ☒ | VIII | NEGLIGENT FAILURE TO RECALL/ RETROFIT |
| ☒ | IX | NEGLIGENT MISREPRESENTATION |
| ☒ | X | FRAUD |
| ☒ | XI | FRAUDULENT CONCEALMENT |
| ☒ | XII | CONSPIRACY TO COMMIT FRAUD |
| ☒ | XIII | UNJUST ENRICHMENT |
| ☒ | XIV | VIOLATION OF UNFAIR TRADE PRACTICES/CONSUMER PROTECTION LAW and specify which state's statute below<br><br>Arkansas Deceptive Trade Practices Act ARK. CODE ANN. §§ 4-88-101 - 207 |
| ☒ | XV | BREACH OF EXPRESS WARRANTY |
| ☒ | XVI | BREACH OF AN IMPLIED WARRANTY OF MERCHANTABILITY |

**WHEREFORE**, Plaintiff prays for relief and judgment against Defendants for compensatory, treble, and punitive damages, medical monitoring to diagnose JUUL induced injuries at an earlier date to allow for timely treatment and prevention of exacerbation of injuries, together with interest, costs of suit, attorneys' fees, and all such other relief as the Court deems proper, and such further relief as the Court deems equitable and just, and as set forth in the *Plaintiffs' Consolidated Master Complaint (Personal Injury)*.

## JURY DEMAND

Plaintiff hereby demands a trial by jury as to all claims in this action.

**DATE: FEBRUARY 4, 2021**

/s/ *Emily Jeffcott*
Emily Jeffcott (pro hac vice)
MORGAN & MORGAN
700 S. Palafox St., Suite 95
Pensacola, FL 32502
Tel: 850-316-9100
Email: ejeffcott@forthepeople.com

*Counsel for Plaintiff*